E-FILED
Wednesday, 29 February, 2012 09:02:35 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT K. EWA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-cv-3128 |
| ) | |
| AMERICAN FEDERATION OF ) | |
| STATE, COUNTY AND MUNICIPAL ) | |
| EMPLOYEES, COUNCIL 31, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant American Federation of State, County and Municipal Employees, Council 31's (Union) Motion to Dismiss (d/e 10) (Motion). Pro se Plaintiff Robert K. Ewa responded to the Motion with a document entitled Plaintiff Motion to Continue This Civil Action (d/e 13) (Response). The Court has reviewed the Ewa Response and determined that the document is a response filed in opposition to the Motion, not a motion for an extension of time or other type of continuance. The Motion, therefore, has been fully briefed and is ready for determination. For the reasons set forth below, the Court recommends that the Motion be ALLOWED, but that pro se Plaintiff Ewa should be given leave to re-plead.

## STATEMENT OF FACTS

Ewa alleges the following in the body of his pro se Complaint (d/e 5) as the essential facts of his claim:

> I am a Union member. Respondent has refused to fairly represent me during the time of my employment; when I was injured at work and when I was terminated. I began employment with the Respondent as a Security Therapy Aid (sic) on April 2007. During my employment, I was subject to harassment, intimidation, and different terms and condition of employment, including being injured at work, being transfered (sic) without requesting transfer to a shift that I am restricted due to my disability. Responded (sic) know of my disability from my injuries from work but refused to accomodate (sic) me

Complaint, at 6.

Ewa attached his Charge of Discrimination (Charge) to his Complaint (d/e 5). The Charge is, thus, part of his Complaint for all purposes. See Fed. R. Civ. P. 10(c). The Charge states Ewa's allegations as follows:

> I am a union member. Respondent has refused to fairly represent me.
>
> I began employment with Respondent as a Security Therapy Aide on or about April 2, 2007. During my employment, I was subject to harassment, intimidation, and different terms and conditions of employment, including but not limited to being transferred without requesting transfer to a less favorable shift assignments. In or around July 2008, I informed Respondent of my disability and requested a reasonable accommodation. Respondent refused my request for a reasonable accommodation. During my employment I complained of discrimination and was discharged.
>
> I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of

1990, as amended. I believe that I have been discriminated against because of my race, Black, and my national origin, Nigerian, and that I have been retaliated against for engaging in protected activity, in violation of Title VII of Civil Rights Act of 1964, as amended.

Complaint, attached Charge of Discrimination.

The Charge is dated April 16, 2010. The Equal Employment Opportunity Commission (EEOC) received the Charge on April 21, 2010. The EEOC issued a right to sue letter to Ewa on February 7, 2011. Ewa filed an unsigned copy of his Complaint (d/e 1) with this Court on May 10, 2011. The Court directed Ewa to file a signed copy of the Complaint by May 17, 2011, or the case would be dismissed. Text Order entered May 11, 2011. Ewa did not do so. On May 18, 2011, the Court entered an order dismissing this action without prejudice for failure comply with the May 11, 2011, Order. Text Order entered May 18, 2011. On May 19, 2011, Ewa filed a Motion to Reopen (d/e 4) that included a sign copy of the Complaint. The Court allowed the Motion to Reopen, vacated the dismissal order, and directed the Clerk to file the signed Complaint. Text Order entered May 24, 2011. The Union now moves to dismiss the Complaint.

## ANALYSIS

For purposes of the Motion, this Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all

inferences in the light most favorable to the Plaintiffs.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  Dismissal is proper if the Complaint, when read in this fashion, fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

    Ewa alleges claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.  A union employee may sue his union for violations of Title VII and the ADA.  42 U.S.C. §§ 2000e-2(c), 2000e-5,

12111(2), 12112, and 12117.  To state a claim, Ewa must allege that the Union discriminated or retaliated against him in the performance of its agency function as his union in violation of the ADA or Title VII.  <u>Maalik v. International Union of Elevator Constructors</u>, Local 2, 437 F.3d 650, 652 (7th Cir. 2006); <u>E.E.O.C. v. Pipefitters Association Local Union 597</u>, 334 F.3d 656, 659 (7th Cir. 2003).

The Union argues first that the Complaint, as alleged, is barred by the applicable statutes of limitations.  Claims under the ADA and Title VII are governed by the same administrative exhaustion requirements and statutes of limitations.  42 U.S.C. §§ 2000e-5, 12117.  Under these provisions, the aggrieved party must first file a charge of discrimination with the EEOC within 300 days of the date of the alleged discrimination.  42 U.S.C. §2000e-5(e)(1) (time frame is 300 days because Illinois has a state agency, the Illinois Department of Human Rights, that provides similar protections).  The EEOC must then issue a right to sue letter to the aggrieved person, and the aggrieved person must file an action within 90 days of receipt of the letter.  42 U.S.C. § 2000e-5(e)(1) & (f)(1); <u>Prince v. Stewart</u>, 580 F.3d 571,574 (7thCir.2009).

The Union argues first that Ewa's action is barred because he filed the unsigned complaint on May 10, 2011, some 92 days after the EEOC issued the right to sue letter on February 7, 2011.  The Union further

argues that the Court dismissed the action without prejudice on May 17, 2011, and then reopened it on May 24, 2011, so the actual filing date was May 24, 2011.[1]

The Union's argument is unpersuasive because an aggrieved person must file within 90 days of *receipt* of a right to sue letter, not 90 days from the *issuance* of the letter. Prince, 580 F.3d at 574. The Union also has the burden of proof to establish the date of receipt. Id. The Complaint does not allege a date that Ewa received the right to sue letter, so the timing of the filing only raises a factual issue and does not support dismissal at this time.

The Union also argues that the Complaint is barred by the 300 day limitation. The EEOC received the Charge on April 21, 2010. Absent some valid basis for equitable tolling, Ewa can only bring an action for discrete wrongful acts that occurred within 300 days of that date, that is, on

---

[1] The Union argues that the May 24, 2011, date is the filing date because the Court dismissed the action without prejudice and then reopened the action. The Union relies on Lee v. Cook County, Ill., 635 F.3d 969 (7th Cir. 2000), to support this proposition. The plaintiffs in Lee attempted to reopen long after the dismissal became final. Here, Ewa filed his Motion to Reopen one day after this dismissal was entered. Such a timely motion is generally deemed a motion to alter or amend the judgment under Rule 59(e). Prince, 580 F.3d at 573; Fed. R. Civ. P. 59(e). The parties have not addressed the effect of granting a Rule 59(e) motion on determining the operative date of filing for purposes of the 90 day deadline. The Court does not need to resolve this issue since dismissal is not appropriate regardless of whether the appropriate filing date is May 10, 2011, or May 24, 2011.

or after March 17, 2009.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002).

Ewa's allegations, quoted above, allege four possible discrete acts of discrimination or retaliation: an on-the-job injury, a transfer, a refusal of his request for a reasonable accommodation of his disability, and his discharge.  Ewa alleges that the denial of his request for accommodation occurred in July 2008.  That claim is barred by the 300 day limitation absent some basis for equitable tolling.  The other allegations of the wrongful injury, transfer and discharge are not dated, so the Court cannot determine whether those events occurred before or after March 17, 2009.  As such, dismissal of those aspects of Ewa's claims is not appropriate at this time based on the 300 day limit.

Ewa also alleges that he was harassed.  Harassment claims are often based on a series of acts that create a hostile work environment.  Because the claim is based on a series of acts, a person may recover for harassment that began before the 300 day period but extended into the 300 day period.  Morgan, 536 U.S. at 116-17.  The allegations of harassment are also not dated so the Court cannot determine when the harassment occurred.  Again, dismissal is not appropriate at this time based on the 300 hundred day limit.

The Union also argues that the allegations fail to state a claim regardless of the statutes of limitation. The Court agrees. Ewa's allegations fail to give the Union notice of a plausible, viable claim. To state a claim, Ewa must allege that the Union discriminated or retaliated against him in the performance of its agency functions as his union. Maalik, 437 F3d at 652. Ewa's allegations are confusing and do not allege how the Union discriminated or retaliated in performing its agency functions. The Complaint says that the "I began employment with the Respondent," indicating that Ewa was employed by the Union. The parties agree, however, that Ewa was a union member and was employed by an unnamed third party. See Defendant's Memorandum in Support of Motion to Dismiss (d/e 11), at 4; Response, at 1. The Complaint then alleges wrongful acts by the unnamed employer. Ewa's unnamed employer transferred and discharged him, not the Union. Ewa also alleges that he was subject to harassment, intimidation and different terms and conditions of employment. A union, however, has no affirmative duty to stop harassment or discrimination by an employer or fellow employees. Pipefitters, 334 F.3d at 660. Ewa must allege that the Union took some action to discriminate or retaliate against him in the performance of its agency functions as his union. He does not. Ewa fails to state a claim.

Ewa states in his response to the Motion that the Union "told my employer to terminate me if I did not resign." <u>Response</u>, at 1. This allegation might state a claim if the Union acted with the intent to discriminate against Ewa due to his race, national origin, or disability, or to retaliate against Ewa for engaging in protected activity. The Union could be acting wrongfully within its agency functions in seeking Ewa's discharge. The Court cannot consider the allegation for purposes of the Motion, though, because Ewa did not include the allegation in the Complaint.

Given that Ewa has alluded to a possible claim in his Response, the Court recommends that Ewa be given an opportunity to re-plead and expand his Complaint to identify his employer and to explain how the Union participated in the alleged wrongful harassment, injury, transfer and discharge. In particular, the Court recommends giving Ewa an opportunity to explain more fully his allegation that the Union told his employer to terminate him if he did not resign. Ewa is proceeding pro se and may not be familiar with the distinction between allegations in a complaint and assertions in a legal memorandum. The Court believes he should be given one more opportunity to allege his claim fully in his Complaint.

WHEREFORE, the Court recommends that Defendant American Federation of State, County and Municipal Employees, Council 31's Motion to Dismiss (d/e 10) should be ALLOWED, but Ewa should be given leave to

replead. The Clerk should also correct the docket to reflect the fact that the document entitled Plaintiff Motion to Continue This Civil Action (d/e 13) is not a motion but a response to a motion.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: February 28, 2012

                         *s/ Byron G. Cudmore*
                         BYRON G. CUDMORE
           UNITED STATES MAGISTRATE JUDGE