# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT K. EWA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-cv-03128 |
| | ) |
| AMERICAN FEDERATION OF | ) |
| STATE, COUNTY AND | ) |
| MUNICIPAL EMPLOYEES, | ) |
| COUNCIL 31, | ) |
| | ) |
| Defendant. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Report and Recommendation (d/e 16) entered by Magistrate Judge Byron G. Cudmore on February 29, 2012, recommending that this Court grant Defendant's Motion to Dismiss (d/e 10). Neither party filed an objection to the Report and Recommendation within fourteen (14) days of the entry of the Report and Recommendation. See 28 U.S.C. § 636(b)(1). Thus, this Court accepts the Report and Recommendation. See Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 760 (7th Cir. 2009).

This Court notes that on March 16, 2012, Plaintiff filed an untitled motion (d/e 17), in which Plaintiff states he "would like to continue this case," requests

that this Court "reverse[] [its] decision in dismissing this case," and requests additional time to seek legal counsel. Additionally, Plaintiff states that mail from the Court was delivered to his address late.

Even if this Court were to construe Plaintiff's Motion as an objection to the Report and Recommendation, this Court would not be required to perform a de novo review of the Report and Recommendation based on Plaintiff's Motion because the Motion does not state any particularized objection to a portion of the Report and Recommendation. "De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." United States ex rel. McCall v. O'Grady, 1995 WL 584333, at *1 (N.D. Ill. Oct. 3, 1995) (citing 28 U.S.C. § 636(b)(1)); see also United States v. O'Neill, 52 F. Supp. 2d 954, 967 (E.D. Wis.1999) (rejecting, without performing a de novo review, objections that were not supported by statutory analysis or citation to case law); United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) ("'[W]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise[.]'") (quoting United States v. Molinaro, 683 F.Supp. 205, 211 (E.D. Wis. 1988); Local Rule 72.2(B)

(stating that objections to a report and recommendation must be specific and accompanied by a memorandum of law in support of those objections).

Thus, because neither party filed an objection to the Report and Recommendation, this Court accepts the Report and Recommendation. See Schur, 577 F.3d at 760 ("If no party objects to the magistrate judge's action, the district judge may simply accept it.")

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (d/e 16) is ACCEPTED by this Court;

(2) Defendant's Motion to Dismiss (d/e 10) is GRANTED. However, because Plaintiff has alluded to a possible claim in his Response (see d/e 13), Plaintiff is given leave to re-plead to identify his employer, explain how Defendant participated in the alleged wrongful harassment, injury, transfer, and discharge, and explain more fully his allegation that Defendant told his employer to terminate him if he did not resign. Plaintiff is given until April 9, 2012 to re-plead. If Plaintiff has not filed an amended or new complaint by April 9, 2012, this case will be dismissed with prejudice.

IT IS SO ORDERED.

ENTERED: March 22, 2012

FOR THE COURT:

                                                           s/ Sue E. Myerscough
                                                           SUE E. MYERSCOUGH
                                          UNITED STATE DISTRICT JUDGE