IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT K. EWA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 11-cv-03128 |
| | ) |
| AMERICAN FEDERATION OF | ) |
| STATE, COUNTY AND | ) |
| MUNICIPAL EMPLOYEES, | ) |
| COUNCIL 31, | ) |
| | ) |
| Defendant. | ) |

OPINION
---

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Report and Recommendation (d/e 20) entered by Magistrate Judge Byron G. Cudmore on May 14, 2012, recommending that this matter be dismissed with prejudice for want of prosecution. On May 29, 2012, Plaintiff timely filed an Objection to Report and Recommendation (d/e 21) ("Objection"). See 28 U.S.C. § 636(b)(1). For reasons described below, Plaintiff's Objection (d/e 21) is overruled, and this Court accepts the

Report and Recommendation (d/e 20). This case is DISMISSED with prejudice for want of prosecution.

## BACKGROUND

On May 24, 2011, pro se Plaintiff Robert K. Ewa filed a Complaint (d/e 5) alleging claims against Defendant, American Federation of State, County and Municipal Employees, Council 31 (AFSCME), under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.

Defendant filed a Motion to Dismiss (d/e 10). On March 22, 2012, this Court entered an Opinion granting Defendant's Motion to Dismiss (d/e 10) but allowing Plaintiff leave to re-plead "to identify his employer, explain how Defendant participated in the alleged wrongful harassment, injury, transfer, and discharge, and explain more fully his allegation that Defendant told his employer to terminate him if he did not resign." Op. at 3 (d/e 18). The Court granted Plaintiff until April 9, 2012 to file an amended complaint and advised Plaintiff that the case

would be dismissed with prejudice if Plaintiff failed to file an amended complaint within that time period.  See Op. at 3.  On April 9, 2012, Plaintiff filed a Motion for Extension of Time to Re-plead (d/e 19).  On April 10, 2012, the Court granted Plaintiff a 30-day extension, stating that Plaintiff's amended complaint was due by May 10, 2012.  See Text Order of April 10, 2012.  Plaintiff did not file an amended complaint by May 10, 2012.  On May 14, 2012, Magistrate Judge Cudmore entered a Report and Recommendation recommending that this case be dismissed with prejudice for want of prosecution because Plaintiff had failed to file an amended complaint.  See Report and Rec. at 2 (d/e 20).

In the Objection, Plaintiff requests that this Court "continue" this case because Plaintiff is legally illiterate and "could not understand exactly what the courts wanted" from Plaintiff. Obj. at 1.  Plaintiff further states that he has been seeking the services of an attorney to advise him on this case. Obj. at 1.  In the Objection, Plaintiff states that he has attached the following documents as "evidence": (1) a document entitled "Third Level Grievance Resolution," signed by Defendant on

June 15, 2009 and signed by the Illinois Department of Human Services (DHS) on June 11, 2009; (2) a letter dated July 31, 2008 from Plaintiff's doctor stating Plaintiff's medical restrictions as a result of Plaintiff's accident; (3) a letter dated March 10, 2009 from Plaintiff's workers compensation attorney to DHS referencing Plaintiff's doctor's recommendation; (4) a July 15, 2009 letter from Illinois State Representative Eddie Washington to DHS inquiring why the "Third Level Grievance Resolution" was written and why Plaintiff's signature is not included in the Resolution; (5) two letters from DHS, dated February 9 and February 10, 2009, referencing Plaintiff's shift change; (6) an undated letter from a mediator confirming mediation on July 21, 2010; and (7) a letter dated July 29, 2010 from the Equal Employment Opportunity Commission referencing the results of mediation. See Obj. at 1.

## DISCUSSION

Initially, this Court notes that it is not required to perform a de novo review of the Report and Recommendation based on Plaintiff's

Objection because the Objection does not state any particularized objection to a portion of the Report and Recommendation and does not include any legal authority or argument. "De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." United States ex rel. McCall v. O'Grady, 1995 WL 584333, at *1 (N.D. Ill. Oct. 3, 1995) (citing 28 U.S.C. § 636(b)(1)); see also United States v. O'Neill, 52 F. Supp. 2d 954, 967 (E.D. Wis.1999) (rejecting, without performing a de novo review, objections that were not supported by statutory analysis or citation to case law); United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) ("'[W]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise[.]'") (quoting United States v. Molinaro, 683 F.Supp. 205, 211 (E.D. Wis. 1988); Local Rule 72.2(B) (stating that objections to a report and recommendation must be specific and accompanied by a

memorandum of law in support of those objections).

Nevertheless, the Court has reviewed the Report and Recommendation and agrees with Magistrate Judge Cudmore that Plaintiff has not taken the steps necessary to prosecute this case. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss a case, with prejudice, for a plaintiff's failure to prosecute the case. "A Rule 41(b) dismissal is appropriate when there is a clear record of delay or contumacious behavior, or when other sanctions have proved unavailing. 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 338-39 (7th Cir. 1987) (internal quotation marks omitted).

Here, there is a clear record of delay. This Court has provided Plaintiff with a number of opportunities to file an amended complaint, but Plaintiff has not done so. On March 22, 2012, this Court granted Defendant's Motion to Dismiss and allowed Plaintiff the opportunity to re-plead his case by filing an amended complaint by April 9, 2012. This Court warned Plaintiff in the March 22, 2012 Opinion that failure to timely file an amended complaint would result in dismissal of the case for

want of prosecution. This Court also stated that Plaintiff could re-plead "to identify his employer, explain how Defendant participated in the alleged wrongful harassment, injury, transfer, and discharge, and explain more fully his allegation that Defendant told his employer to terminate him if he did not resign." Op. at 3.

On April 10, 2012, this Court granted Plaintiff 30 additional days in which to file an amended complaint. However, Plaintiff did not file a complaint. On May 14, 2012, Magistrate Judge Cudmore recommended that this Court dismiss this case with prejudice for want of prosecution.

To date, Plaintiff has not filed an amended complaint, despite having received numerous opportunities to do so. Further, Plaintiff's Objection does not state any explanation for why Plaintiff has not filed an amended complaint. Accordingly, this Court accepts Magistrate Judge Cudmore's recommendation that this case be dismissed with prejudice for want of prosecution.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (d/e 20) is ACCEPTED by

this Court;

(2) This case is DISMISSED with prejudice for want of prosecution.

IT IS SO ORDERED.

ENTERED: August 10, 2012

FOR THE COURT:

                                    s/ Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                    UNITED STATE DISTRICT JUDGE